ALMB 3 (Rev 06/2007)

**United States Bankruptcy Court**
**Middle District of Alabama**

In re  **James A Mobley**
**Ethel Sue Mobley**
Debtor(s)

Case No.  **14-11769**
Chapter  **13**

# CHAPTER 13 PLAN
Check If Amended Plan ☐

**CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION.** An Objection to Confirmation must be filed not later than seven (7) days prior to the date fixed for the Confirmation hearing and must state with particularity the grounds for the objection. See LBR 3015-2, which can be found at www.almb.uscourts.gov/lrules/index.htm, and must state with particularity the grounds for the objection.

**PROOFS OF CLAIM.** Creditors must file a proof of claim to be paid. Confirmation of this plan does not bar the debtor, Trustee or a party in interest from objecting to a claim.

## 1. PAYMENT AND LENGTH OF PLAN
Debtor(s) shall pay **$2,100.00 Monthly for 60 months** per month to the Chapter 13 Trustee beginning **October 9, 2014**.

The length of the plan is **60** months.

## 2. FILING FEES
The Filing Fee as prescribed by LBR 1006-1 shall be paid as follows:

☐ Filing Fee paid in full directly to the Clerk of Court with the petition.

☐ Filing Fee is being paid in installments pursuant to LBR 1006-1 directly to the Clerk of Court.

☒ Filing Fee is being paid in installments pursuant to LBR 1006-1 through the debtor's Chapter 13 plan as follows:
| | |
|---|---:|
| Total Filing Fee: | **$310.00** |
| Initial Installment paid with filing of petition: | **$50.00** |
| Remaining Balance to be paid through Chapter 13 plan: | **$260.00** |

## 3. ATTORNEY'S FEES FOR DEBTOR(S)' BANKRUPTCY COUNSEL

The following attorney's fees shall be paid through the debtor's plan payments:
| | |
|---|---:|
| Total attorney fee | **$3,250.00** |
| Amount paid by the debtor prior to filing directly to attorney | **$0.00** |
| Net Attorney fee being paid through the Chapter 13 plan disbursements | **$3,250.00** |

## 4. SECURED CLAIMS PAID THROUGH THE PLAN
The Debtor proposes that the Trustee make adequate protection payments prior to the confirmation of this Plan, pursuant to § 1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to § 1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the Trustee. The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below as required under § 1325(a)(5).

| Creditor | Collateral Description | 910/365 Claim? Yes/No | Amount of Debt | Collateral Value | Interest Rate | §1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|---|
| 1st Franklin | 1986 Chevy Pickup | No | $4,969.00 | $7,250.00 | 4.25% | Yes | 50.00 | $113.00 |

| Creditor | Collateral Description | 910/365 Claim? Yes/No | Amount of Debt | Collateral Value | Interest Rate | §1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|---|
| Acceptance Loan | Living Room Suite and Entertainment Center | No | $5,163.18 | $2,000.00 | 4.25% | Yes | 32.00 | $60.00 |
| Ally Financial | 2011 Nissan Juke 35,000 miles Driven by granddaughter | Yes | $21,723.00 | $15,600.00 | 4.25% | Yes | 217.00 | $435.00 |
| American General Financial/Springleaf Fi | 2008 Chevrolet HHR 150,000 miles Driven by daughter | Yes | $9,937.00 | $7,250.00 | 4.25% | Yes | 100.00 | $225.00 |
| Chrysler Capital | 2014 Jeep Patriot 67050 miles | Yes | $30,965.00 | $15,575.00 | 4.25% | Yes | 310.00 | $601.00 |
| Hometown Finance | 2005 Lincoln Towncar 74,650 miles | Yes | $5,086.08 | $11,125.00 | 4.25% | Yes | 51.00 | $115.00 |
| Premiercredt | 2000 Nissan Frontier 257,000 miles | Yes | $3,456.00 | $6,175.00 | 4.25% | Yes | 35.00 | $78.00 |
| Republic Finance, LLC | Riding Lawn Mower, 2 weed eaters, dell laptop, HP Desktop, 2 TV's, propane tank and DVD player Good Condition | No | $2,737.72 | $1,000.00 | 4.25% | Yes | 27.00 | $43.00 |
| Syncb/ashley Homestore | Bedroom Suite | Yes | $992.00 | $500.00 | 4.25% | Yes | 10.00 | $30.00 |

**5. LONG TERM DEBTS MAINTAINED THROUGH THE PLAN**
The Debtor proposes that the Trustee maintain the following long term debts through the plan. The Trustee shall make payments prior to confirmation of this Plan, to all of the following long term creditors indicated below. The Trustee shall commence making such payments to creditors holding allowed secured claims consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all payments. Upon confirmation of this plan said long term creditors will receive payments as set out below along with the payment of the debtor's attorney's fees.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

**6. SURRENDERED PROPERTY**
Debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under this Plan until an amended proof of claim is filed by such creditor, reflecting any deficiency balance remaining following surrender.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

## 7. CURING DEFAULTS

Pursuant to § 1322(b)(5) the debtor shall cure defaults with respect to the following creditors indicated below. Trustee shall pay the allowed claims for arrearages at 100% through this Plan. The amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The "amount of arrearage" listed herein is an estimate, and in no way shall this estimate limit what the Trustee shall distribute to said creditor under this plan to cure the default.

| Creditor | Collateral Description | Amount of Arrearage | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

## 8. DIRECT PAYMENTS

The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all § 1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral | Date Payment to Resume | Direct Pymt Amount |
|---|---|---|---|---|---|
| 21st Mtg | Home & Land 18344 Highway 125 Brundidge, AL. 36010 Tax Appraised Value | $87,486.00 | $15,790.00 | September 2014 | $930.00 |

## 9. DOMESTIC SUPPORT OBLIGATIONS

The Debtor proposes that prepetition Domestic Support Obligation arrearage claims indicated below shall be paid in full through this plan pursuant to § 507(a)(1) unless the claimant agrees to some other treatment or the Court orders otherwise. The Debtor shall directly pay all ongoing Domestic Support Obligations that become due after filing of the petition.

| Creditor | Total Arrearage | Specified Monthly Payment |
|---|---|---|
| -NONE- | | |

The Debtor shall directly pay all ongoing Domestic Support Obligations that become due after filing of the petition.

## 10. PRIORITY CLAIMS (Excluding Domestic Support Obligations)

The Debtor will pay all priority claims pursuant to § 507 unless claimant expressly agrees otherwise including the following:

| Claimant | Type of Priority | Scheduled Amount | Monthly Payment |
|---|---|---|---|
| -NONE- | | | |

## 11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Executory contracts and/or leases receive the following designated treatment. For all executory contracts or unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation § 1326 adequate protection payments directly to the Lessors pursuant to the terms of the contract. For all contracts assumed, the debtor shall continue to make all payments directly to the creditor pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Reject | Assume |
|---|---|---|---|
| -NONE- | | | |

## 12. SPECIALLY CLASSIFIED UNSECURED CLAIMS

The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt Specially Classified | Interest Rate | Specified Monthly Payment |
|---|---|---|---|
| -NONE- | | | |

## 13. UNSECURED CLAIMS

Allowed non-priority unsecured claims shall be paid through the distribution of the debtor's chapter 13 plan at a rate of __100__ %, or pro rata participation in a "POT" Plan of $____ for the benefit of unsecured creditors, or until all allowed claims are paid in full. If this proposed dividend to unsecured creditors is less than 100%, debtors propose to pay to the Trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by § 1325(b).

## 14. OTHER PLAN PROVISIONS

**(a) Lien Retention:** Allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this plan.

**(b) Vesting of Property of the Estate:**

    _   Property of the Estate shall revest in the Debtor(s) upon confirmation of the debtor's plan.

    **X**   Property of the Estate shall remain property of the estate subsequent to confirmation of this plan.

All property of the Estate whether it remains in the estate or revests with the debtor upon confirmation of the plan shall remain in the debtor's possession and control. The debtor shall have use of property of the estate, subject to the requirements of § 363 of the Bankruptcy Code.

**(c) Direct Payment by Debtor:** Secured creditors and lessors to be paid directly by the Debtor(s) may continue to mail to Debtor(s) the customary monthly notices or coupons notwithstanding the automatic stay.

**(d) Other Provisions of the Plan Not Elsewhere Described:**

Date **September 8, 2014**      Signature **/s/ James A Mobley**
    **James A Mobley**
    Debtor

Date **September 8, 2014**      Signature **/s/ Ethel Sue Mobley**
    **Ethel Sue Mobley**
    Joint Debtor

Attorney **/s/ Ray T Kennington**
    **Ray T Kennington**